UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-21298-CIV-BLOOM/VALLE

**BISMARK S. NUNEZ**, individually, and as
executor de son tort of LUIS ENRIQUE NUNEZ,

    Plaintiff,
v.

**CITY OF HIALEAH**, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO REMAND

THIS CAUSE came before the Court on Plaintiff's Motion to Remand [ECF. No. 12]. Plaintiff originally filed this action on February 15, 2014 for excessive force, pursuant to 42 U.S.C. § 1983, and for wrongful death, intentional infliction of emotional distress, mental anguish, and negligence under Florida law. *See generally* Compl. [ECF No. 1-1]. On April 11, 2014, Defendant City of Hialeah filed a Notice of Removal [ECF No. 1]. *See* 28 U.S.C. § 1447(c) (allowing state court plaintiffs to seek remand within thirty days after the notice of removal is filed). The Court has carefully reviewed the record, the parties' briefs, and the applicable law.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. *See id.* § 1332(a).

The removal of federal cases when state law claims exist implicate the Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367.  Determining whether the Court has supplemental jurisdiction over state law claims "entails a two-step inquiry where the Court must first determine whether it *can* exercise its supplemental jurisdiction and then whether it *should* exercise that jurisdiction."  *Woodard v. Town of Oakman, Ala.*, 970 F. Supp. 2d 1259, 1275 (S.D. Ala. 2013) (citing *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 n.7 (11th Cir. 2012)) (emphasis in original).

Federal courts can only exercise supplemental jurisdiction when the claims "form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. §1367(a), which occurs when the claims "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  *See also Woodard*, 970 F. Supp. 2d at 1276 (noting that this "comparison is not a results-oriented analysis, but a fact-oriented one") (quoting *Chattahoochee Riverkeeper Fund, Inc.*, 701 F.3d at 679).

"Whenever a federal court has supplemental jurisdiction under section 1367(a), that jurisdiction should be exercised unless section 1367(b) or (c) applies."  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).  *See also* 28 U.S.C. § 1367(a) ("or as expressly provided otherwise by Federal statute").  Section 1367(b) applies to claims "by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure," and where "inconsistent with the jurisdictional requirements of section 1332," §1367(b) also applies to potential plaintiffs under Rules 19 and 24.  28 U.S.C. § 1367(b).

Under §1367(c), the Court has "discretion not to exercise supplemental jurisdiction . . . in four situations."  *Parker*, 468 F.3d at 743.  These include whether:

(1)  the claim raises a novel or complex issue of state law,

> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)  the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  "Any one of the §1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker*, 468 F.3d at 743.

In this case, removal of this case was proper because Plaintiff's lawsuit was "brought pursuant to 42 U.S.C. §1983, the Fourth and Fourteenth Amendments of the United States Constitution."  [ECF No. 1-1, at 3].  *See* 28 U.S.C. § 1441(a); *id.* at § 1331.  Here, the Court exercises supplemental jurisdiction over Plaintiff's wrongful death claims under Florida law. *See generally Miller v. Cogoni*, 302 Fed. App'x 898, 900 (11th Cir. 2008) (claim under § 1983 and wrongful death removed on the basis of federal question jurisdiction).

Supplemental jurisdiction equally exists pursuant to § 1367(c).  First, Plaintiff's state law claims are not novel and complex. *See Parker*, 468 F.3d at 744 (explaining state tort claims are generally not novel or complex).  Also, the wrongful death claim does not substantially predominate over the § 1983 claim, and the claim is still a part of the case.  Finally, no exceptional circumstances compel this Court to decline jurisdiction.  *See id.* at 745-47 (discussing the factors of judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together).  Examining Defendants' liability under both claims requires evaluating the same facts.  *See id*. at 745 ("the policy of supplemental jurisdiction is to support the conservation of judicial energy and avoid multiplicity in litigation").

This Court rejects Plaintiff's argument that Defendants' waived removal by "engaging in substantive activity toward resolution of the merits of the claim while it was pending in state

3

court." [ECF No. 12 at 3] (citing *Maryhew v. Yova*, 464 N.E.2d 538 (Ohio 1984); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002)). Specifically, Plaintiff points to the fact that Defendants engaged in settlement negotiations and prepared a release form for the claims before removing.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The 30-day period does not start to run "by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). "A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Yusefzadeh v. Nelson, Mullins, Riley, & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (holding that filing motion to dismiss does not constitute waiver of removal and explaining that defect in removal is "commonly referred to as litigating on the merits") (citation omitted). Determining waiver of the right of removal based on "active participation must be made on a case-by-case basis." *Id.* (citation omitted).

In this case, Defendants were never formally served with the complaint, so the 30-day period had not yet begun at the time Defendants filed the notice of removal. Here, Defendants' attempts to negotiate a settlement agreement do not amount to an attempt to litigate on the merits post-service—i.e., after the time in which the Defendants' right to remove became available. *Cf. Romero v. Randle E. Ambulance Serv., Inc.*, No. 08-23179-CIV, 2009 WL 347412, at *1-*3 (S.D. Fla. Feb. 11, 2009) (removal proper after attempts to negotiate settlement but before formal

service of complaint); *Rola v. Wal-Mart Stores, Inc.*, No. 6:11-cv-468-Orl-28DAB, 2011 WL 3156672, at *9 (M.D. Fla. June 29, 2014) ("Here, too, at the time the settlement proposal was filed in state court, there is no showing that a basis for removal was present."). *See also Cruz v. Lowe's Home Centers, Inc.*, No. 8:09-cv-1030-T-30MAP, 2009 WL 2180489, at *3 n.3 (M.D. Fla. July 21, 2009) (citing cases showing consistency of reasoning that "a party cannot waive a right that it does not yet have"). Thus, Defendants did not waive their right of removal and the action is properly before this Court.

Being fully advised, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand **ECF. No. [12]**, filed 05/12/2014, is hereby **DENIED.**

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 17th of July, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record