UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21298-CIV- BLOOM-SELTZER

JORGE NUÑEZ, as Personal Representative
of the Estate of LUIS ENRIQUE NUÑEZ,
deceased,

       Plaintiff,

vs.

CITY OF HIALEAH, a municipal corporation;
Police Officer LAZARO GUERRA; Police Officer
ZENON DIAZ; Police Officer JULIAN GUERRA;
Police Officer DAVID MORALES; Police Officer
FERNANDO VALDEZ; and Police Chief MARK OVERTON,

       Defendants.

_____/

## AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

The Plaintiff, JORGE NUÑEZ, as Personal Representative of the Estate of LUIS

ENRIQUE NUÑEZ, deceased, by and through undersigned counsel, sues Defendants CITY OF

HIALEAH, a municipality (hereafter "CITY"), Police Officer LAZARO GUERRA, Police

Officer ZENON DIAZ, Police Officer JULIAN GUERRA, Police Officer DAVID MORALES,

Polic Officer FERNANDO VALDEZ, and Police Chief, MARK OVERTON, and alleges as

follows:

### INTRODUCTION

1.      This action arises from the shooting death of Luis Enrique NUÑEZ ("Decedent"),

a 48 year old male who at the apartment where he resided at the time that he was fatally shot

multiple times by CITY OF HIALEAH Police Officers LAZARO GUERRA, ZENON DIAZ,

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

JULIAN GUERRA, DAVID MORALES, and/or FERNANDO VALDEZ under the command of Police Chief, MARK OVERTON. This action is brought by the Personal Representative of the Estate of Luis Enrique NUÑEZ (the Decedent's brother, JORGE NUÑEZ) on behalf of the Decedent's wrongful death survivors, namely, his natural parents, Bismark S. NUÑEZ and Brunilda NUÑEZ.

2.     Plaintiff asserts two types of claims herein. State law tort claims are asserted against the CITY OF HIALEAH and its Police Officers for common law negligence as enumerated in the acts complained of in Count I below. Plaintiff also asserts claims pursuant to 42 U.S.C. Section 1983 for violation of the Decedent's civil rights by the use of unreasonable and excessive force that resulted in his death as set forth in Counts II and III below.

## JURISDICTION AND VENUE

3.     This is a wrongful death action brought pursuant to 42 U.S.C. Section 1983, the Fourth and Fourteenth Amendments of the United States Constitutions, and the laws of the State of Florida. This court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331 (federal question) and 1343 (civil rights). This Court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4.     The acts and omissions giving rise to Plaintiff's claims occurred in Miami-Dade County, Florida, and therefore, venue lies in the U.S. District Court for the Southern District of Florida, pursuant to 28 U.S.C. Section 1391(b).

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

5.    All conditions precedent to the filing of this action have occurred, or have been waived, prior to the initiation of this action, including those notice requirements set forth in Florida Statute Section 768.28

## PARTIES

6.    At all times material hereto, Plaintiff, JORGE NUÑEZ, was and is the duly-appointed Personal Representative of the Estate of Luis Enrique NUÑEZ, deceased, per Order of the 11th Judicial Circuit Court for Miami-Dade County, dated March 3, 2014.[1]  [Order Appointing Personal Representative attached hereto as Exhibit "A"]  The Plaintiff brings this action on behalf of the Estate and all statutory survivors pursuant to the Florida Wrongful Death Act, Fla.Stat.§768.16, et.seq., as well as applicable federal law cited herein.

7.    At all times material hereto, the Decedent, Luis Enrique NUÑEZ, was a resident of the City of Hialeah, Florida, and was *sui juris*.

8.    Defendant, CITY OF HIALEAH ("CITY") is a municipal corporation and subdivision of the State of Florida operating pursuant to the Constitution and the laws of the State of Florida.

9.    At all times material hereto, Defendant MARK OVERTON was the Chief of Police for the City of Hialeah, and he committed the acts complained of herein under the color of state law, and while acting in the course and scope of his official duties as Chief of Police, and he is sued herein in his official capacity.

---

[1] At the time that the original Complaint was filed in Circuit Court, Plaintiff's predecessor counsel filed suit in the name of the Decedent's natural father as "executor" of the Estate.  Since that time, the Estate was properly administrated, and the Decedent's brother, JORGE NUÑEZ, was duly appointed Personal Representative by Order dated March 3, 2014.  This substitution of parties to correctly name the Personal Representative as party Plaintiff, relates back to the original filing for purposes of the statute of limitations. *See Estate of Eisen v. Philip Morris USA, Inc.*, 126 So.2d 323 (Fla. 3rd DCA 2013).

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

10.     At all times material hereto, Defendants, LAZARO GUERRA, ZENON DIAZ, JULIAN GUERRA, DAVID MORALES, and FERNANDO VALDEZ (hereafter "Defendant OFFICERS"), were employed as police officers and/or auxiliary officers and or SWAT team members, by the CITY and committed the acts complained of herein under the color of state law while acting within the scope and course of their official duties as police officers with the CITY. They are sued in both their individual and official capacities.

## BACKGROUND FACTS

11.     On or about February 18, 2012, the Defendant OFFICERS, on behalf of the CITY, responded to a 911 call originating from an apartment complex located at 1335 West 49th Place in Hialeah, Florida, 33012, where the Decedent resided.

12.     Prior to, or upon arrival at the scene, the Defendant OFFICERS were notified that the Decedent had not committed a crime but that he was emotionally distressed, both of which were corroborated by the Decedent's family members on the scene.   Thus, the Defendant OFFICERS were advised by dispatch that, in light of the Decedent's mental fragility, that they should back-down and establish negotiations, and more significantly, a "no shoot" directive was issued to the responding OFFICERS.[2]

13.     Upon arrival at the scene, one of the Defendant OFFICERS, as the initial responder, made contact with the Decedent in the hallway and verified that he was, in fact, in mental distress.  Notwithstanding same, the initial responding OFFICER requested SWAT team assistance, an unnecessary escalation of the situation that only aggravated the Decedent's disturbance.

---

[2] Upon information and belief, the Decedent did have a marine flare gun in his possession, an emergency device which he and fellow commercial truck drivers routinely and legally carried as part of their emergency gear in the event of accident or break down. There is no evidence, however, that the Decedent activated the device at any time prior to being fatally shot by the CITY's officers.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

14.    Amongst the officers dispatched to the scene were members of the "SWAT-Medic" team, a group that operated under mutual command by both the CITY's police and fire departments, and whose sole function was to render medical aid/assistance to any SWAT team members or other persons who were injured on the scene.  Under the CITY's own policies and procedures, the scope of the SWAT-Medic team was limited, namely - to accompany the police department's SWAT team and assist with the wounded before paramedics might be allowed in. Additionally, its members were not supposed to engage in police activity nor were they to carry firearms.

15.    Defendant LAZARO GUERRA, a member of the SWAT-Medic team, was off duty at the time that this incident arose.  Despite being off duty, Defendant GUERRA heard the dispatch and "jumped the call" and responded to the scene in his own vehicle, arriving at or about the same time as other SWAT officers and hostage negotiators.[3]

16.    At the time that Officer GUERRA responded to the scene, his status was an auxiliary police officer.  Thus, under the CITY's rules and regulations for auxiliary officers, GUERRA would be prohibited from acting on his own without the supervision of a full time law enforcement officer.  Likewise, as a member of the SWAT Medic team, his authority at the scene would be limited to rendering medical aid and assistance to any wounded persons on the scene.

17.    Despite Officer GUERRA's status as an auxiliary officer and SWAT Medic member with limited authority to engage in certain police functions, upon arrival at the scene, GUERRA ran up the stairs of the Decedent's apartment complex, with his firearm drawn, screaming "He's got a gun!"  In response, other SWAT officers surrounded and confronted the

---

[3] While there is no indication that this was a hostage situation, the CITY's hostage negotiators were dispatched as they were  better qualified to deal with distressed persons like the Decedent, in a non-violent and non-aggressive manner, through the use of communication versus force.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

Decedent in the hallway of his apartment complex with their firearms drawn and pointed in the Decedent's direction.

18.    Notwithstanding the fact that the Decedent did not pose an imminent threat to the lives or safety of the Defendant OFFICERS or to any person, and despite the issuance of a "no shoot" directive, Defendant GUERRA and the other Defendant OFFICERS violated the CITY's own policies and procedures and discharged their firearms numerous times, striking the Decedent repeatedly.  The Decedent died from multiple gunshot wounds.

19.    The CITY's Police Department had issued the firearms and bullets to the Defendant OFFICERS that were utilized to kill the Decedent.

20.    Despite Internal Affairs investigation, the Defendant OFFICERS were not disciplined nor retrained in the use of excessive force or de-escalation polices, and the CITY determined that the shooting was justified and consistent with the CITY's policies and procedures, thereby ratifying the conduct of the Defendant OFFICERS.  Specifically, Defendant Police Chief MARK OVERTON released a statement to the public defending the actions of LAZARO GUERRA, claiming that he had a right to act as a member of the SWAT team (thereby making no distinction between SWAT officers and SWAT-Medics who have a much more limited function).

## MUNICIPAL PRACTICE AND CUSTOM

21.    Upon information and belief, the misconduct and violation of constitutional rights committed by the Defendant OFFICERS against the Decedent in this case, are consistent with an institutionalized and accepted practice of misconduct and negligence by the CITY's police department which was known to, and ratified by, the Defendant CITY.  More specifically, the CITY and its Police Chief, MARK OVERTON, had prior notice of the propensity of the

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

Defendant OFFICERS to use excessive and/or deadly force in situations that CITY policies and procedures called for non-violent methods of response and de-escalation.

22.     The CITY failed to have clearly established policies that delineated the procedures necessary to ensure that excessive use of force was not committed upon residents and members of the public.  Instead, specialized units within the CITY exercised a practice and custom of utilizing their own methods independent of the CITY's written policies, often exceeding the scope and power of the authority granted to them.  As such these customs and practices became the de facto policy of the CITY, and lead to an escalation of actions that prompted officers to use excessive and deadly force in situations that, per policy, should have been resolved without violence.

23.     The CITY also routinely failed to uphold the municipality's policies and procedures which expressly limited the function of certain officers such as SWAT Medics and/or auxiliary police officers.  The CITY took no steps to correct the abuse of authority illustrated by LAZARO GUERRA's actions in this case and others wherein officers engaged in indiscriminate police activity for which they were not authorized nor properly trained.  The failure to properly train the Defendant OFFICERS includes the CITY's failure to instruct them in the applicable rules, regulations, and policies and procedures of the CITY police department concerning the proper and prudent use of force and reasonable restraint and detention of individuals in distress.

24.     The CITY's failure to correct and/or its tacit approval of the aforementioned police misconduct renders it liable to the Plaintiff's Decedent as a result of its customs, practices and policies which resulted in a violation of the Decedent's civil rights, and ultimately, his death.

**Page 7 of 17**

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

## COUNT I: NEGLIGENCE (WRONGFUL DEATH)

25.    Plaintiff realleges Paragraphs 1 through 24 and incorporates them by reference, as if fully set forth herein.

26.    At all times material hereto, the Defendant CITY, held a duty to exercise reasonable care in the discharge of its duties, including but not limited to, the duty to follow proper policies and procedures adopted by the CITY governing the detention and restraint of persons in visible distress, and the duty to utilize only reasonable force as is dictated by the circumstances.

27.    At all times material hereto, the CITY, through its OFFICERS, breached its duty of care to the Plaintiff's Decedent by the following negligent acts and/or omissions:

a)    Using deadly and/or excessive force in circumstances which did not warrant same;

b)    Failing to properly train the Defendant OFFICERS on the use of reasonable and/or minimal force when responding to persons in distress;

c)    Failing to adequately train the Defendant OFFICERS on policies and procedures for alternative methods of coping with persons in distress - other than the use of force or deadly force;

d)    Failing to implement and/or adhere to the CITY's own de-escalation policies in order to avoid the foreseeable casualties associated with the unnecessary escalation of stressful situations;

e)    Failing to employ and exhaust all lesser means of restraint and/or arrest, including communication and/or negotiation, in order to subdue persons like the Decedent suffering from emotional distress;

**Page 8 of 17**

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

f)    Failing to heed a "no shoot" directive issued in relation to the police response to the Decedent;

g)    Failing to have clear policies and procedures in place to limit the scope of duties of SWAT-medic personnel and auxiliary police officers so as to avoid their participation in police functions reserved for those properly trained in such areas;

h)    Failing to adequately supervise and/or observe its OFFICERS;

i)    Failing to discipline those officers whom are found to have engaged in the use of excessive force in circumstances that did not warrant same; and,

j)    Failing to discharge officers who have shown a pattern or practice of using excessive force or exceeding the authority with which they were vested.

28.    As a direct and proximate result of the negligent acts and omissions of the CITY, acting by and through its agents, servants and employees as alleged herein, LUIS ENRIQUE NUÑEZ sustained fatal injuries resulting in his death.

29.    As a further direct and proximate result of the CITY's negligence, acting by and through its agents, servants and employees, the Decedent's statutory survivors have sustained immeasurable damages resulting from the death of their son including but not limited to: mental anguish and emotional pain and suffering, as well as the loss of the Decedent's care, maintenance, support, services, love and companionship.   The Decedent's Estate likewise incurred medical, funeral and other expenses attendant to his premature death.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants, for compensatory damages, costs, pre-judgment interest, and such other relief as this

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

Honorable Court deems just and proper.  Plaintiff likewise reserves the right to state a claim for punitive damages.

## COUNT II: VIOLATION OF CIVIL RIGHTS 42 U.S.C. Section 1983
## (OFFICER LIABILITY)

30.     Plaintiff realleges Paragraphs 1 through 29 and incorporates them by reference, as if fully set forth herein.

31.     At all times material hereto, the Defendant OFFICERS were acting under color of state law as agents and employees of the Defendant CITY, in the furtherance of their duties as City of Hialeah Police Officers at the time they shot and killed the Decedent.

32.     Pursuant to the Fourth Amendment, the Defendant OFFICERS had a duty to utilize only that degree of force that was reasonable in light of the circumstances facing the OFFICERS at the time they encountered the Decedent.

33.     As set forth in greater detail above, the Defendant OFFICERS violated the Decedent's civil rights by the following unlawful acts and/or omissions:

a)      Using excessive, deadly force, under circumstances that warranted non-violent communicative methods of conflict diffusion;

b)      Using deadly force in violation of the police department's policies and procedures and more specifically, repeatedly shooting the Decedent in violation of a "no shoot" order issued on the date of the incident;

c)      Failing to permit negotiators the opportunity to manage and control a situation involving a mentally distressed individual who had committed no crime;

d)      Disregarding the CITY's policies and procedures which limit the authority of auxiliary police officers to act, and more particularly to utilize deadly force, without supervision;

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

    e)      Exceeding the authority granted the SWAT Medic team by engaging in police activity beyond the rendering of medical aid; and,

    f)      Failing to follow the CITY's de-escalation policies.

34.    Consequently, the shooting and killing of the Decedent was unwarranted under these circumstances, and was objectively unreasonable when balancing the amount of force used against the need for force.

35.    By using subjectively and objectively unreasonable deadly force while acting under color of state law, the Defendant OFFICERS, with deliberate indifference to the rights of the Decedent, violated the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to the Fourteenth Amendment's right not to be deprived of life or liberty without due process of law.

36.    As a direct and proximate result of the deprivation of the Decedent's Constitutional rights by the Defendant OFFICERS alleged above, the Decedent sustained fatal injuries resulting in his death.

37.    As a further direct and proximate result of the unconstitutional acts of the Defendant OFFICERS, the Decedent's statutory survivors have sustained immeasurable damages resulting from the death of their son including but not limited to: mental anguish and emotional pain and suffering, as well as the loss of the Decedent's care, maintenance, support, services, love and companionship. The Decedent's Estate likewise incurred medical, funeral and other expenses attendant to his premature death.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant OFFICERS, for compensatory damages, for costs of suit and reasonable attorneys' fees as provided by law, including but not limited to 42 U.S.C. Sections 1983 and 1988, for pre-

**Page 11 of 17**

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

judgment interest, and such other relief as this Honorable Court deems just and proper. Plaintiff likewise reserves the right to state a claim for punitive damages.

### COUNT III: VIOLATION OF CIVIL RIGHTS 42 U.S.C. Section 1983 (MUNICIPAL LIABILITY)

38.    Plaintiff realleges Paragraphs 1 through 37 and incorporates them by reference, as if fully set forth herein.

39.    As described above, the Decedent's constitutional rights were violated when he was shot and killed by the Defendant OFFICERS acting under color of state law as authorized agents of the CITY while attempting to detain and/or arrest the Decedent in the furtherance of their duties with the CITY.

40.    The Defendant CITY is liable for the constitutional torts of its OFFICERS because the CITY sanctioned the following customs and practices within the police department:

   a)  Using excessive, deadly force, under circumstances that warranted non-violent communicative methods of conflict diffusion;

   b)  Using deadly force in violation of the police department's policies and procedures when such force was not necessary nor permitted by law;

   c)  Disregarding the CITY's policies and procedures which limit the authority of auxiliary police officers to act, and more particularly to utilize deadly force, without supervision of a full time law enforcement officer;

   d)  Permitting and/or failing to prevent officers from exceeding the authority granted the SWAT Medic team by allowing them to engage in police activity beyond the rendering of medical aid, for which they are not properly trained;

   e)  Failing to ensure compliance with the CITY's de-escalation policies;

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

     f) Failing to discipline officers whom are found to have engaged in the use of excessive force where the circumstances did not warrant same;

     g) Failing to adequately train officers regarding the availability of alternative means of restraint/detention of persons other than the use of deadly force; and,

     h) Failing to discharge officers who have shown a pattern or practice of using excessive force.

41. The Defendant CITY is liable under 42 U.S.C. Section 1983 for failing to properly supervise and train its police officers, and for overlooking and failing to correct officer misconduct. In addition, the CITY had a general policy, pattern and/or practice of not disciplining police officers for their conduct, thereby sanctioning the police officers' actions, which amounted to a departmental policy of overlooking constitutional violations. The City's failure to supervise and train its police officers and its willful blindness and/or deliberate indifference to the constitutional violations of its employees, constitutes a deliberate and conscious indifference to the rights conveyed to Decedent, including the rights guaranteed by the Fourth and Fourteenth Amendments to be free from unreasonable search and seizure, the right to be free from unlawful and objectively unreasonable force, and the right to life, liberty and due process.

42. The Defendant CITY is liable under 42 U.S.C. Section 1983 for the constitutional violations committed against the Decedent which were committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the CITY's practice of overlooking constitutional torts was not directly authorized by an officially adopted policy, the practice was so common and well-settled within the CITY's police department that it represents their official policy.

**Page 13 of 17**

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

43.    In the present case, the CITY's formal and informal actions in overlooking, concealing, and/or tacitly encouraging police misconduct through the CITY police chief, MARK OVERTON, the Internal Affairs Department, the CITY officers, including but not limited to, Defendants LAZARO GUERRA, ZENON DIAZ, JULIAN GUERRA, DAVID MORALES, and FERNANDO VALDEZ and others, reflect a policy, practice, custom and procedure authorizing and allowing the use of excessive force that violated the civil rights of the Decedent.

44.    As a direct and proximate result of the deprivation of the Decedent's Constitutional rights by the agents and employees of the Defendant CITY, and the CITY's custom and practice of tolerating misconduct consistent therewith, LUIS ENRIQUE NUÑEZ sustained fatal injuries resulting in his death.

45.    As a further direct and proximate result of the unconstitutional acts of the Defendant OFFICERS and the CITY's pattern and practice of sanctioning such conduct, the Decedent's statutory survivors have sustained immeasurable damages resulting from the death of their son including but not limited to: mental anguish and emotional pain and suffering, as well as the loss of the Decedent's care, maintenance, support, services, love and companionship. The Decedent's Estate likewise incurred medical, funeral and other expenses attendant to his premature death.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant CITY for compensatory damages, for costs of suit and reasonable attorneys' fees as provided by law, including but not limited to 42 U.S.C. Sections 1983 and 1988, for pre-judgment interest, and such other relief as this Honorable Court deems just and proper. Plaintiff likewise reserves the right to state a claim for punitive damages.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Respectfully demands a jury trial on all issues triable by jury.

***

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

CASE NO. 14-21298-CIV- BLOOM-SELTZER

## <u>CERTIFICATE OF CONSENT</u>

Pursuant to Federal Rule of Civil Procedure §15 (a)(3), it is hereby confirmed that undersigned counsel consulted with opposing counsel for the City of Hialeah, who has provided consent to the filing of this Amended Complaint without the need for leave of court. No responsive pleading was ever served to the original Complaint filed in this action, and the parties entered into a prior stipulation that the Defendant would respond once this amendment was filed.

**SILVA & SILVA, P.A.**
*Counsel for Plaintiffs*
236 Valencia Avenue
Coral Gables, FL 33134
Telephone: (305) 445-0011
Telecopier: (305) 445-1181

By:_____
    **ELISABETH M. CULMO, ESQ.**
    **Florida Bar No. 016705**

\*\*\*

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

Case 1:14-cv-21298-BB   Document 43   Entered on FLSD Docket 09/04/2014   Page 17 of 19

CASE NO. 14-21298-CIV- BLOOM-SELTZER

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ___4th___ day of September, 2014, a true and correct copy of the foregoing was sent filed via CM/ECF and served via email to: **Christine L. Welstead, Esq. and Andrew M. Shapiro, Esq.**, at christine.welstead@akerman.com and andrew.shapiro@akerman.com, AKERMAN, LLP, One Southeast Third Avenue, Suite 2500, Miami, Florida 33131-1714.

> **SILVA & SILVA, P.A.**
> *Counsel for Plaintiffs*
> 236 Valencia Avenue
> Coral Gables, FL 33134
> Telephone: (305) 445-0011
> Telecopier: (305) 445-1181
>
> By: _____
>     **ELISABETH M. CULMO, ESQ.**
>     **Florida Bar No. 016705**

**Page 17 of 17**

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: (305) 445-0011 • Fax: (305) 445-1181 • Email: info@silvasilva.com
www.silvasilva.com

# EXHIBIT "A"

IN THE CIRCUIT COURT FOR MIAMI DADE COUNTY, FLORIDA PROBATE DIVISION

IN RE:  ESTATE OF

LUIS E. NUNEZ,

       Deceased.

File No.: 14-0476

Division: MUIR

## ORDER APPOINTING PERSONAL REPRESENTATIVE
### (intestate -- single)

On the petition of JORGE NUNEZ for administration of the estate of LUIS E. NUNEZ, deceased, the court finding that the decedent died on February 18, 2012, and that JORGE NUNEZ is entitled to appointment as personal representative by reason of parents have consented, and is qualified to be personal representative, it is

ADJUDGED that JORGE NUNEZ is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing designation and acceptance of resident agent, and entering into bond in the sum of $_____, letters of administration shall be issued.

ORDERED on _____ MAR – 3 2014 _____, 2013.

                                CELESTE HARDEE MUIR

_____
                                Circuit Judge

THE PERSONAL REPRESENTATIVE SHALL PLACE ALL LIQUID ASSETS IN A DEPOSITORY DESIGNATED BY THE COURT PURSUANT TO THE F.S. 69.031

THIS IS A FROZEN ACCOUNT WHICH MEANS THAT NO FUNDS CAN BE WITHDRAWN WITHOUT ORDER OF COURT.

NO SALE OF ANY ASSETS WITHOUT SPECIAL ORDER OF COURT

THIS ESTATE MUST BE CLOSED WITHIN 12 MONTHS IF NOT CONTESTED

ALL MONIES PAYABLE TO THE ESTATE SHALL BE PAID JOINTLY TO THE PERSONAL REPRESENTATIVE AND THE DEPOSITORY DESIGNATED BY THE COURT PURSUANT TO F.S. 69.031

THE APPORTIONMENT OF THE WRONGFUL DEATH SETTLEMENT MUST BE APPROVED BY THIS COURT